AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Gerardo Torres-Regalado** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:09CR02596-001JB** |
| | USM Number: **50867-051** |
| | Defense Attorney: **Leon Encinias, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a), 8 U.S.C. Sec. 1326(b) | Re-entry of a Removed Alien | 07/04/2009 | |

The defendant is sentenced as specified in pages 2 through **3** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

_____    **December 18, 2009**
County of Residence                      Date of Imposition of Judgment

                                         **/s/ James O. Browning**
                                         Signature of Judge

                                         **Honorable James O. Browning**
                                         **United States District Judge**
                                         Name and Title of Judge

                                         **February 1, 2010**
                                         Date Signed

Defendant: **Gerardo Torres-Regalado**
Case Number: **2:09CR02596-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **8 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. Pursuant to Section 5D1.1(a), the Court will not impose a term of supervised release.**

**Defendant Gerardo Torres-Regalado`s offense level is 9 and his criminal history is category IV. His advisory guidelines sentence range is therefore 12 to 18 months. The Court, however, believes that a variance to a sentence of 8 months is appropriate. In arriving at this sentence, the Court has considered not only the guidelines, but also other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and does not believe that the punishment that the guidelines provide is appropriate here.**

**The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that a variance is appropriate in this case. The Court is concerned that Torres-Regalado was punished severely for a misdemeanor conviction, which is now treated as a felony for the purpose of calculating his criminal offense level. The Court believes that the assault was a serious offense and that Torres-Regalado should receive some enhancement for that offense, but the Court is concerned that Torres-Regalado did not have full warning that his misdemeanor crime, if he reentered the United States, would be treated as a felony and result in a long prison sentence. It appears to the Court more fair to grant a variance in this case and give a variance that reflects a 2-level enhancement rather than a 4-level enhancement for the misdemeanor conviction, and thus gives Torres-Regalado a warning that, if he returns to the United States with the misdemeanor counts, he will likely receive a 4-level enhancement and a longer sentence than he is receiving in this case. Calculating Torres-Regalado`s offense level with a variance in the 2-level range results in an offense level of 7. Combined with a criminal history category of IV, an offense level of 7 establishes a guideline imprisonment range of 8 to 12 months.**

**The Court finds that a sentence of 8 months reflects the seriousness of returning to the United States with a misdemeanor conviction and promotes respect for the law. The Court also believes an 8-month sentence provides a more just punishment, given the differences in the way states treat certain state law offenses, and the sentence will provide adequate deterrence with the warning the Court gives Torres-Regalado. The Court`s sentence protects the public as effectively as a longer sentence would, given that the offense is, and future offenses are likely to be, non-violent, and fully reflects the factors embodied in 18 U.S.C. § 3553(a). The Court`s task is not to come up with reasonable sentences but one that balances those factors properly and fully. The Court believes a sentence of 8 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court sentences Defendant Gerardo Torres-Regalado to 8 months in the custody of the Bureau of Prisons.**

☐   The court makes these recommendations to the Bureau of Prisons:


☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant must surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **Gerardo Torres-Regalado**
Case Number: **2:09CR02596-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.